

> Application granted. This case is stayed pending the MDL Panel's determination concerning consolidation and transfer of this case. In light of the stay, the initial conference scheduled for 11/16/2020 is canceled. Defendants' letter request for a pre-motion conference is denied without prejudice to renewal (Doc. 41). The parties are directed to file a status letter advising the Court of the MDL Panel's determination concerning consolidation and transfer when a ruling is made.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: New York, New York
>        October 19, 2020

**Via CM/ECF Electronic Filing**:
The Honorable Philip M. Halpern
United States District Court Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, NY 10007
Frank_Cangelosi@nysd.uscourts.gov

RE: *Shelby Harnish v. Teva Pharmaceuticals, USA, Inc. et al.*
United States District Court - Southern District of New York
Civil Action No: 7:20-cv-05942-PMH

Your Honor:

Our law firm represents Shelby Harnish in the above-referenced case where she alleges product liability claims involving the design, marketing, and sale of the ParaGard intrauterine device ("ParaGard IUD"). We associated the firm of Sanders Phillips Grossman, LLC to file the above-referenced case in the Southern District of New York on July 30, 2020. Since the initiation of the lawsuit, plaintiffs throughout the country have moved the United States Judicial Panel on Multidistrict Litigation ("JPML"), pursuant to 28 USC § 1407, for consolidation and transfer of the then filed fifty-five (55) actions into a multidistrict litigation ("MDL"). [*See* Doc. 1 – MDL 2974]. Additional new cases are being filed with tag-a-long motions. Ms. Harnish was one of the plaintiffs seeking the MDL. Accordingly, we intend to move for a stay of all proceedings in this matter until such time as the JPML rules on the consolidation and transfer of this case. We have requested defendants' consent. It is my understanding that they will not consent as they oppose consolidation.



Federal courts possess inherent powers to stay proceedings before them. *Landis v. North America Co.*, 299 U.S. 248, 254-255 (1936). Courts have routinely exercised this inherent authority to stay pretrial proceedings during the pendency of a motion before the JPML. Indeed, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (citations omitted). There is a good reason that this is the majority rule: an interim stay promotes judicial economy and avoids inconsistent results. *See*, *e.g.*, *In re Ivy*, 901 F.2d 7, 9 (2$^d$ Cir. 1990) (holding that "[c]onsistency as well as economy is served" by staying consideration of a remand motion pending a decision by the JPML).[1]

Further, in deciding whether to stay proceedings, courts in the Second Circuit examine the following five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Milliken v. Am. Realty Capital Hospitality Advisors, LLC*, 2018 WL 3745669, *9-11 (S.D.N.Y. Aug. 7, 2018). All of these are present here. Ms. Harnish wants a stay, and she will not be prejudiced by a stay. Defendants are burdened by responding to at least fifty-five (55) lawsuits, and it is in their interest to prepare a unified argument for dismissal once the cases are sent to the MDL.

---

[1] *See also Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co.*, 2005 WL 3555926, *1 (E.D.N.Y. Dec. 23, 2005) (noting that, in staying motion to remand pending decision by the MDL Panel, "valuable judicial resources will be preserved"); *Med. Soc'y v. Connecticut Gen. Corp.*, 187 F. Supp. 2d 89, 91-92 (S.D.N.Y. 2001) (deferring consideration of motion to remand pending transfer decision by MDL Panel).

Case 1:21-cv-00041-LMM   Document 42   Filed 10/19/20   Page 3 of 4



Inconsistent rulings will not help their defenses, and therefore, it is not fair to ask the court to rule, or spend any time for that matter, on any motions or deadlines since the case will either be transferred or retained within the next several months. Let the JPML rule. The ability to bring any motions will still exist after a stay. While not directly applicable, the fourth and fifth factor are present because Defendants still sell the ParaGard.

At the end of the day, this Court should stay this case under the five-factor analysis applied in the Second Circuit. Both consistency and judicial economy will be served by staying pretrial proceedings pending the JPML's decision on the ParaGard IUD litigation. Further, a stay does not unfairly prejudice either party. When the JPML likely grants the motion and consolidation and transfer are ordered, this case will be transferred, then the transferee court must consider any and all pretrial matters at that time. *See, e.g.*, *In re Ivy*, 901 F.2d at 9. There is simply no reason to brief the issues defendants want raised until we know whether or not there will be an MDL. In the unlikely event the JPML petition is denied, then the stay can be immediately lifted, and we can proceed with motion practice and scheduling orders.

For the above-stated reasons, and pursuant to your standing order Sec. 2(C), this pre-motion letter is being sent to meet the pre-motion conference requirement. We are responding to the defendants' pre-motion conference letter pursuant to Sec. 4(C) by separate cover contemporaneously with letter.

Sincerely,

Robert M. Hammers
Partner

5555 Glenridge Connector   •   Suite 975   •   Atlanta, Georgia 30342   •   (770) 900-9000   •   Fax (404) 600-2626
www.schneiderhammers.com



RMH/rh

cc: David A. Landman, Esq. (*via e-mail*)
Rex A. Littrell, Esq. (*via e-mail*)
Randi Kassan, Esq. (*via e-mail*)